UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES SILVAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-89 |
| | § | |
| GENERAL MOTORS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is "Plaintiffs' Emergency Motion for a Mandatory Injunction and Relief Under 28 U.S.C. § 1651(a) to Compel Defendants to Issue a "Park It Now" Alert in the Interest of Public Welfare and Safety and Brief in Support" (D.E. 7).  For the reasons set out below, the Motion is DENIED.

## THE NATURE OF THIS ACTION

Plaintiffs Charles and Grace Silvas (the Silvas) own a 2006 Chevrolet Cobalt, manufactured by Defendant General Motors, LLC (GM).  This vehicle is subject to a GM recall regarding a defective ignition switch that can cause the vehicle to lose power unexpectedly.  That loss of power can be the cause of a collision or the effect of forces at work during a collision.  When power is lost, the vehicle is less responsive to steering and braking.  Also, the airbags may not deploy.

The Silvas allege that they have experienced such losses of power, but do not complain of any collisions.  D.E. 31.  In response to the GM recall notice, they have parked their Cobalt and have filed this suit to require GM to repair the ignition switch and

to extend a warranty for the repair. They also seek damages for their alternate transportation expenses and the diminution in the value of their Cobalt. The Silvas have not filed this case as a class action and do not purport to represent any other owners of GM vehicles subject to the recall.

The Silvas request that the Court order GM to issue a "park it now" alert to the owners of over 2.6 million vehicles involved in the ignition switch recall, advising them that their vehicles are too dangerous to drive. They ask for this extraordinary relief based on an evidentiary record that is, by its nature as a preliminary proceeding held on an emergency basis, only partially developed. The Silvas claim that they need GM to issue the "park it now" alert for two reasons: (1) to maintain the value of their own Cobalt by avoiding any additional stigma arising out of additional lost-power experiences among other owners; and (2) they will be safer on the roadways if the other vehicles are immobilized.

## THE CONTEXT IN WHICH INJUNCTIVE RELIEF MAY ISSUE

A preliminary injunction (FED. R. CIV. P. 65) is a discretionary matter for the Court. *Collum v. Edwards*, 578 F.2d 110, 112 (5th Cir. 1978) (citing, *inter alia*, 11 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE §§ 2947-48, 2961 (1973)). The Court exercises its equitable powers to balance the parties' respective rights and interests in order to prevent irreparable harm to one of the parties before the Court and to maintain the Court's jurisdiction—its ability to issue meaningful relief at the conclusion of the trial. *Meis v. Sanitas Service Corp.*, 511 F.2d 655, 656 (5th Cir. 1975).

Any such relief should be narrowly tailored to advance the particular interests of the parties in the case and so as not to proscribe permissible conduct. *B.H. Bunn Co. v. AAA Replacement Parts Co.*, 451 F.2d 1254, 1269 (5th Cir. 1971) (criticizing an injunction because it "lops off a considerable amount of wheat with its chaff"). Therefore, the Silvas' request should be granted only if it is necessary to preserve their rights pending trial. The Court is not persuaded that the relative rights of the parties in this action depend on how GM conducts its recall with respect to the owners of other GM-manufactured vehicles.

## PRIMARY JURISDICTION

Our government has largely entrusted the safety of the nation's roadways—in the macro sense—to the National Highway Transportation Safety Administration (NHTSA), which is responsible for administering the Motor Vehicle Safety Act (MVSA), 49 U.S.C. § 30101 *et seq.*; 49 C.F.R. §§ 1.2, 501.1, 501.2. The MVSA and its interpretive regulations contain numerous provisions that NHTSA is to apply in the context of an automotive recall—the specific type of injunctive relief the Silvas request from this Court. *E.g.*, MVSA § 30118-20, 49 C.F.R. § 577.1 *et seq*.

Under the primary jurisdiction doctrine, courts defer to an administrative agency's exercise of jurisdiction over the issue brought to court. One of the cases cited by the Silvas, *Kent v. DaimlerChrysler Corp.*, 200 F.Supp.2d 1208, 1218 (N.D. Cal. 2002), describes the doctrine of primary jurisdiction as expressed by the Supreme Court:

> The doctrine of primary jurisdiction is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory

> duties. Even when common-law rights and remedies survive and the agency in question lacks the power to confer immunity from common[-]law liability, it may be appropriate to refer specific issues to an agency for initial determination where that procedure would secure (u)niformity and consistency in the regulation of business entrusted to a particular agency or where the limited functions of review by the judiciary (would be) more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Kent*, at 1218 (quoting *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 303–304 (1976) (citations omitted)). The *Kent* court declined to defer to NHTSA because the plaintiff had not challenged a safety standard or any NHTSA regulation and because there was no conflict between the action and any on-going NHTSA investigation of the same problem. Therefore, the need for "uniformity and consistency in the regulation of business" did not apply. Moreover, that court did not find that the claims raised "issues of fact not within the conventional experience of judges." *Kent*, *supra* at 1218-19 (quoting *Far East Conference v. United States*, 342 U.S. 570, 574 (1952)).

In re *Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 754 F.Supp.2d 1145, 1200 (C.D. Cal. 2010), also cited by the Silvas, declined deference to NHTSA under the primary jurisdiction doctrine "at this stage," because there was no conflicting proceeding ongoing at NHTSA. In *Marsikian v. Mercedes Benz USA, LLC*, No. CV 08-04876, 2009 WL 8379784, *9 (C.D. Cal. 2009), primary jurisdiction did not apply because the only asserted basis for it was the defendant's "questionable assertion that this case involves a request for a recall."

Unlike in *Marsikian*, there is nothing questionable about the recall-related issue in this case. The Silvas have put a recall matter directly in issue and, with respect to that issue only, this Court defers to NHTSA under the doctrine of primary jurisdiction.

As interpreted by the Fifth Circuit, the factors to consider in applying the primary jurisdiction doctrine are "when (a) it will promote even-handed treatment and uniformity in a highly regulated area, or when sporadic action by federal courts would disrupt an agency's delicate regulatory scheme; or (b) the agency possesses expertise in a specialized area with which the courts are relatively unfamiliar." *Elam v. Kansas City Southern Railway*, 635 F.3d 796, 811 (5th Cir. 2011). The "park it now" alert conflicts with the existing notices issued in connection with the recall arising from the defective ignition switches. The Court is of the opinion that NHTSA is far better equipped than this Court to address the broad and complex issues of automotive safety and the regulation of automotive companies in connection with a nationwide recall.

Furthermore, NHTSA has proceeded substantially into the recall process with respect to the defective ignition switches in GM vehicles. The Silvas have not demonstrated that they have made any effort to obtain a "park it now" alert through any proceeding involving NHTSA despite their right to do so. MVSA § 30118(b) (allowing interested persons to be heard in ongoing recall proceedings), § 30162 (addressing the right of interested parties to initiate recall proceedings with NHTSA). Under such circumstances, the Court defers to NHTSA pursuant to the doctrine of primary jurisdiction. *See generally, Bussian v. DaimlerChrysler Corp.*, 411 F.Supp.2d 614

(M.D.N.C. 2005) (holding that deference to NHTSA is appropriate where there is an ongoing investigation and recall regarding the alleged defect).

## CONCLUSION

Because of the Court's ruling on the issue of primary jurisdiction, it does not reach the additional issues briefed by the parties. The request for an emergency preliminary injunction in the form of requiring GM to issue a "park it now" alert is DENIED.

ORDERED this 17th day of April, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE